# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORIDALMA V. PRUDENTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:21-cv-00322-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN MATTER TO DISTRICT JUDGE<br><br>(ECF No. 4)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　On March 4, 2021, Floridalma V. Prudente ("Plaintiff") filed the complaint in this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant") denying her application for benefits under the Social Security Act.  (ECF No. 1.) Plaintiff also filed an application to proceed *in forma pauperis* without prepayment of the filing fee on the same day.  (ECF No. 2.)  Based on the initial application, the Court found the income stated was well above the poverty level and that it did not appear Plaintiff was entitled to proceed without prepayment of fees.  On March 4, 2021, the Court ordered Plaintiff to either pay the filing fee or file a long form application.  (ECF No. 3.)  On March 24, 2021, Plaintiff filed a long form application.  (ECF No. 4.)  The Court has reviewed Plaintiff's second application to proceed *in forma pauperis* and finds that Plaintiff is not entitled to proceed without prepayment

of fees in this action. (ECF No. 4.)

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to her poverty she is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Plaintiff's application states that she receives $630 per month in food stamps, $440 per month in COVID-19 relief, and that her husband receives $3,800 per month, for a total of $4,870 in monthly income, or $58,440 in annual income. (ECF No. 4 at 1-2.)[1] Additionally, Plaintiff indicates there is $1,000 in her spouse's bank account, $4,000 in a bank account for her son's Supplemental Security Income backpay payments, and that the son also receives a monthly payment of $375. (ECF No. 4 at 2, 6.) Plaintiff declares ownership of three vehicles, including a 2017 Chevy Silverado. (ECF No. 4 at 3.) Plaintiff declares five (5) minor children depend on

---

[1] Plaintiff also states her "spouse mentioned to [her] on 3/22/21 that he wants to get a divorce & move out of the home. He fully supports me and I am not sure when he would move out." (ECF No. 4 at 6.) The Court will not speculate or consider what impact a potential divorce could have on Plaintiff's income, including potential spousal support, and issues of custody and child support, but will rather consider the current household income.

her and her spouse for support.  (Id.)

The 2021 Poverty Guidelines for the 48 contiguous states for a household of seven is $40,120.00.  2021 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited March 25, 2021).  Plaintiff's income is well above the poverty level for a family of seven.  Based on the information provided, the Court finds that Plaintiff has the ability to pay the filing fee without depriving her family of the necessities of life, and is not entitled to proceed without prepayment of fees in this action.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed without prepayment of fees be denied and Plaintiff be ordered to pay the $402.00 filing fee in this action.

The Clerk of the Court is HEREBY DIRECTED to randomly assign this action to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 25, 2021**

UNITED STATES MAGISTRATE JUDGE